**UNITED STATES of America**

v.

**Albert Francis STROUSE.**

**Crim. No. 15231.**

United States District Court, M. D. Pennsylvania.

Nov. 5, 1973.

tor truck moving in interstate commerce in violation of 18 U.S.C. § 659, and (2) kidnapping the truck driver, Michael Joseph Homza, and holding him against his wishes in violation of 18 U.S.C. § 1201(a). He has filed a motion for a judgment of acquittal or, in the alternative, for a new trial.

The Government's evidence [1] revealed that on April 5, 1972, at 5:30 A. M. Michael Joseph Homza was driving a Damsel Manufacturing Company tractor-trailer, containing children's clothing valued at $36,677.00, from Plains Township, Luzerne County, Pennsylvania, to Avenel, New Jersey. While proceeding on Pennsylvania Route 115 he was forced off the road by a red Plymouth Fury automobile and three men emerged from the Plymouth, one brandishing a gun, and ordered him out of the tractor. He was placed in the back of the car and told to lie down on the floor. Shortly thereafter, one of the men, carrying a gun, ordered him to get back in the tractor and, after getting into the cab with Homza, directed him to drive to New Jersey via the Pennsylvania Turnpike. Homza testified that he observed this man put the gun in his jacket as he entered the tractor and that he had numerous opportunities throughout the two and one-half hour trip to look at him [2] and he positively identified defendant as the man. Upon arriving at a rest area in New Jersey, Homza was turned over to another individual and transported to Brooklyn where he was told to " . . . get out and don't look around." The tractor was later recovered in Brooklyn by New York City police.

One Harold Paul White also appeared as a Government witness and testified that in May, 1972, he was told by a friend, Buddy Parker, to meet a man named Alby at the Bay Way Diner, Elizabeth, New Jersey, for the purpose of driving a truck to Gallitzin, Pennsylvan-

---

S. John Cottone, U. S. Atty., Scranton, Pa., for plaintiff.

Harry P. O'Neill, Jr., Scranton, Pa., Lawrence E. Hirsch, Philadelphia, Pa., for defendant.

. MEMORANDUM AND ORDER

NEALON, District Judge.

On March 13, 1973, Albert F. Strouse, was found guilty by a jury on two counts: (1) theft of approximately $30,000 in children's clothing from a mo-

---

1. No defense evidence was presented.

2. For example, while paying the toll, offering cigarettes, etc., Homza stated that "(h)e was just sitting there like as if he didn't care, you know, whether I saw him or anything." (N.T. 37)

ia. Upon arriving at the diner, he was given keys by Alby and directed to take the truck to a clothing factory in Gallitzin. White identified defendant as Alby and stated that he had seen him on two or three previous occasions. White proceeded to Gallitzin but suspected that he was being followed by a police car and abandoned the truck some three blocks from the clothing plant. The children's clothing recovered from this shipment amounted to $13,000; the balance was never located.

A recital of the above clearly establishes that the verdict was amply supported by the evidence.

Defendant's brief in support of his motion cites four contentions: (1) the Court erred in denying defendant's request in his motion for bill of particulars that the Government be required to disclose the names and addresses of other persons who were present during the commission of the acts charged in the indictment; (2) the Court erred in refusing defendant's request for the names and addresses of any persons who furnished information to law enforcement officials regarding defendant's alleged participation in the activities charged in the indictment; (3) the Court erred in denying defendant's request that the Government furnish the method of photographic identification by potential witnesses; and (4) the defendant was deprived of a fair trial and substantially prejudiced by the method of photograph identification employed by the Federal Bureau of Investigation.

## DISCUSSION

■ The first two contentions advanced by defendant arise from requests made in a motion for bill of particulars filed prior to trial. Of the 25 requests made, all were granted except the two specified by defendant in this motion. Government counsel also informed the

Court that he knew of no witnesses who had any information at all favorable to the defendant. Moreover, at oral argument, Government counsel expressed concern about disclosing the names of prospective witnesses[3] because of fear for their safety mindful of the serious nature of the crime charged. The disclosure of the information sought by defense counsel would effectively reveal the very sources the Government sought to protect. A similar request was denied by the trial court and affirmed on appeal in United States v. Cansler, 419 F.2d 952, 954 (7th Cir. 1969), certiorari denied 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540. Under the circumstances of this case, the Government was not required to comply with defendant's requests.

■ With reference to point 3, at the oral argument on the motion for bill of particulars, both counsel informed the Court that all requests in the motion were complied with except for the disclosure of witnesses. Defense counsel now asserts that the Government did not furnish "the method of photographic identification by potential witnesses." Moreover, the request in the motion specifically referred to the method of photographic identification of " . . . any others who might have participated with defendant in acts alleged . . ." This point is clearly an afterthought and is inappropriate and, even if appropriate, lacks merit.

■ As to point 4, defendant's complaint seems to be that Government witness Homza looked at several hundred photographs but it was not until he was shown a small group of thirteen pictures that he was able to pick out defendant from among them. A review of the record convincingly demonstrates that the photographs used were not impermissibly suggestive and did not give rise to a very substantial likelihood of irrep-

---

3. Homza's name appeared in the indictment, so presumably the concern was for White. However, the trial was originally scheduled for January 22, 1973, and continued at the request of defense counsel and, at that time, the Court recalls that White was present and in plain view in the courtroom.

arable misidentification. Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 19 L.Ed.2d 1247 (1968). Furthermore, defense counsel subjected the witness to a seaching and exhaustive cross examination concerning both his pretrial and in court identification.[4] There was no error.

Defendant's motion will be denied.

4. Significantly, Homza testified that he wasn't as positive of his identification when he viewed the photographs as he was when he saw defendant in person at the trial.